**Richmond**

WILLIE CROMITE

v.

COMMONWEALTH OF VIRGINIA

No. 0754-85

Decided September 2, 1986

COUNSEL

John H. Maclin, IV, for appellant.

M. Katharine Spong, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**HODGES, J.** — The question raised on this appeal is one of first impression in Virginia. The appellant, Willie D. Cromite, was tried by a jury and found guilty of robbery and use of a firearm in the commission of robbery. We denied his petition for appeal on the robbery charge but granted it on the firearm conviction. Cromite contends that his conviction must be reversed because the victim of the robbery did not see a firearm. We disagree and affirm.

The evidence discloses that about 3:00 a.m. on the morning of February 10, 1985, Cromite entered a service station attended by Edward B. Vick. Cromite asked Vick for a package of cigarettes and, while Vick was making change for use in a vending machine, Cromite approached with his hand in his coat pocket and stuck a hard object in Vick's stomach. Vick said the object felt like a gun. Cromite ordered Vick to open the cash register and then to lie down on the floor, which Vick did. Cromite proceeded to empty the register of all the money in it and fled. The police were summoned and subsequently arrested Cromite.

Cromite argues that a firearm must actually be displayed or used to sustain a conviction under Code § 18.2-53.1.[1] He urges that the courts should examine the evidence for literal compliance

---

[1] Code § 18.2-53.1 in pertinent portion reads: "It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit murder, rape, robbery, burglary, malicious wounding . . . or abduction . . . ."

with the statutory language.

A similar question was addressed by the Supreme Court of West Virginia, which affirmed a conviction for armed robbery even though the victim did not see a weapon. The court said:

> The presentation of a deadly weapon is not always necessary to place a person in fear. The apprehension that the person attempting a robbery has in his possession a deadly weapon, and the fear that he might use the same, is just as effective to place one in fear as if the weapon is drawn and presented.

*State v. Young*, 134 W. Va. 771, 781, 61 S.E.2d 734, 740 (1950).

In *Delaware v. Smallwood*, 346 A.2d 164 (1975), the Supreme Court of Delaware reinstated a defendant's conviction for robbery in the first degree. The trial judge had reduced the conviction to robbery in the second degree because no weapon was seen by the victim. The applicable Delaware statute provided that a person was guilty of first degree robbery if he "[d]isplays what appears to be a deadly weapon." Interpreting the statutory language, the court said:

> We think, however, that "display" includes not only the notion of spreading before view or exhibiting to the sight, but also that which is manifested to any of a victim's senses . . . . Thus a weapon may be manifested to a victim even though he may not see it . . . . [a]nd one who is made to feel by the sense of touch the presence of an apparent gun may never see it but there is recognition by his mind and that manifestation is just as effective, for the statutory purpose, as putting a gun in plain view.

*Id.* at 167.

In both *Young* and *Smallwood*, the Supreme Courts of our sister states applied the subjective test and examined the circumstances from the victims' point of view. Cromite, however, urges us to adopt the more rigid objective standard which would require that a gun or facsimile thereof actually be seen. Although the Supreme Court of Virginia has not dealt with the exact issue, we look for guidance to cases previously decided by our court.

In *Johnson v. Commonwealth*, 209 Va. 291, 163 S.E.2d 570 (1968), the defendant was charged with attempted robbery by the "presenting of firearms and other violence" which put the victim in fear of bodily harm. Johnson had used a "blank pistol" during the robbery and argued that his conviction should be reversed because the pistol was incapable of firing. The court, in affirming said:

> The victim of a holdup is not required to know whether the gun pointed at him is loaded or whether it shoots bullets or blanks. If he is sensible he acts on appearances. A toy pistol has been held sufficient to sustain the allegation of robbery with firearms.

*Id.* at 296, 163 S.E.2d at 574.

The Supreme Court also affirmed a conviction for use of a firearm in the commission of robbery where the pistol was loaded with wooden bullets, *Cox v. Commonwealth*, 218 Va. 689, 240 S.E.2d 524 (1978), and likewise affirmed a conviction in *Holloman v. Commonwealth*, 221 Va. 196, 269 S.E.2d 356 (1980) where the weapon was a spring operated BB gun.

Code § 18.2-53.1 is keyed to serious crimes: murder, rape, robbery, burglary, malicious wounding and abduction. The statute prescribes inflexible penalties. Its very purpose is to deter violent crimes. *Ansell v. Commonwealth*, 219 Va. 754, 763, 250 S.E.2d 760, 762 (1979). "The statute not only is aimed at preventing actual physical injury or death but also is designed to discourage criminal conduct that produces fear of physical harm." *Holloman*, 221 Va. at 198, 269 S.E.2d at 358.

We are convinced that, as to firearms, Virginia has heretofore adhered to the subjective standard and we believe under the circumstances of this case that this is the proper standard. To hold otherwise would encourage criminals using firearms to conceal them in some way while perpetrating the crimes. It would give the criminal an advantage not intended by the General Assembly in its enactment of this statute and add to the frustration of the blameless victims.

Most of us are endowed with the five senses of sight, taste, touch, hearing and smell. While the evidence would have been

more conclusive had Vick seen a firearm, we cannot disregard the totality of his testimony. Vick said that he saw Cromite with his hands in his pocket, that Cromite approached him and stuck something in his stomach which he did not see, but that "it felt hard like a pistol, the end of a pistol." Vick said that he assumed it was a pistol and it is clear from the evidence that he responded to the orders and directions of the robber with that belief. We hold that the evidence was sufficient to prove Cromite guilty beyond a reasonable doubt.

Accordingly, the judgment is affirmed.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.