## Salem

RICHARD O. CREASY

v.

COMMONWEALTH OF VIRGINIA

No. 1230-88-3

Decided February 27, 1990

COUNSEL

David D. Embrey (Johnson & Cunningham on brief), for appellant.

Richard A. Conway, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal of convictions of first degree murder, use of a firearm in the commission of a murder, and use of a firearm in the commission of a burglary, we hold that the prohibition against the use of a firearm "while committing . . . burglary" contained in Code § 18.2-53.1 includes a firearm obtained after the illegal entry into a building. We also conclude that the trial court did not err in admitting evidence of a prior consistent statement made by a Commonwealth witness and that the testimony of an accomplice was sufficient to support the defendant's conviction.

The defendant's conviction arose out of a burglary of a building that functioned both as a store and a residence. When entry was gained into the building, none of the burglars was armed. However, they found a gun inside the building and loaded it. The gun eventually came into the possession of the defendant, who took it with him while he went to keep watch over the resident of the building who was asleep in a nearby room. While the defendant was standing watch, the other two accomplices, who were taking money, guns, ammunition and other merchandise, heard four gunshots. Immediately after the shots, the defendant "came around the corner saying, 'Let's get the hell out of here.' " The resident of the building died as a result of three gunshot wounds.

The defendant contends that, since he and his accomplices were not armed with firearms when they illegally entered the building, but obtained them later while in the building, there was insufficient evidence to find him guilty of using a firearm "while committing" a burglary.[1] He argues that the phrase "while committing" limits the prohibition of the statute to the period of time between the commencement of the crime and the time when he had committed acts sufficient to make criminal prosecution possible, i.e., the time period during which he entered the building with the requisite felonious intent. Since the crime of burglary was committed prior to the defendant's acquisition of the gun, he contends that the evidence was insufficient to convict him of use of a firearm "while committing . . . burglary."

He relies on two decisions, both of which have now been rejected. One of the decisions is from a division of the Florida Court of Appeals which construed a very similar Florida statute in the manner urged by the defendant. *State v. Pilcher*, 443 So. 2d 366, 367 (Fla. Dist. Ct. App. 1983). The Florida Supreme Court has since rejected the reasoning in that opinion and has adopted the rationale of another division of the Florida Court of Appeals which recognized that, although a crime is complete for purposes of prosecution, it may not be complete with regard to the "perpetrator's responsibility for acts committed in the furtherance of his crime." *Williams v. State*, 517 So. 2d 681, 682 (Fla. 1988) (quoting *Williams v. State*, 502 So. 2d 1307, 1308 (Fla. Dist. Ct. App. 1987)).

The defendant also relies on language contained in an opinion of our Supreme Court which it has since been reconsidered and rejected. In *Harward v. Commonwealth*, 229 Va. 363, 366, 330 S.E.2d 89, 91 (1985), the Supreme Court stated that the language "during the commission of, or subsequent to" contained in Code § 18.2-31(e), the capital murder statute, "excludes a killing which occurs before a rape." *Spencer v. Commonwealth*, 238 Va. 275, 286, 384 S.E.2d 775, 780-81 (1989). More recently, however, the Supreme Court rejected the language in *Harward* and reaffirmed its earlier holding to the contrary in *Coleman v. Commonwealth*,

---

[1] Code § 18.2-53.1 provides in part: "It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . burglary . . . ." (emphasis added).

226 Va. 31, 52, 307 S.E.2d 864, 876 (1983).

■ Code § 18.2-53.1 is not limited in application to the period of time from the commencement of the underlying crime until the point in time when the acts of the defendant make successful prosecution possible. We hold that the statute applies to the conduct of the accused until the underlying crime is completed in fact.

■ The purpose of Code § 18.2-53.1 is to deter violent criminal conduct. *In re Commonwealth*, 229 Va. 159, 162, 326 S.E.2d 695, 697 (1985). Violent criminal conduct may occur at any time between the commencement of certain crimes and the perpetrator's safe retreat. Even though certain crimes may be established by proof of acts accomplished at the outset of a criminal venture, the danger and risk of violent criminal conduct persists until the crime is completed in fact. We hold that the General Assembly, in adopting this provision, intended to discourage the use of a firearm at any time during the course of the specified criminal endeavors. *Cf. Williams v. State*, 517 So. 2d at 682-83.

We next address the admissibility of the evidence of a consistent statement. The prior consistent statement made by a Commonwealth witness was introduced by the Commonwealth after defense counsel had cross-examined the witness concerning a prior inconsistent statement.

One of the defendant's accomplices testified against him, reciting the events that occurred during the burglary. During his direct examination, the Commonwealth's attorney elicited from the witness, without objection, an acknowledgement that at the preliminary hearing the witness, when asked who had shot the victim, responded by saying "Cliff — Richard Owen Creasy," mentioning first the name of the other accomplice, not the defendant, before responding with the defendant's name. During cross-examination of this witness, defense counsel again elicited this inconsistency in the witness's earlier testimony and specifically recited the prior testimony. Later, on direct examination of a police investigator, the Commonwealth's attorney, over defense counsel's objection, asked who the accomplice told him "from the start" had shot the victim, and the investigator responded that it had been the defendant.

■ The defendant acknowledges that a prior consistent statement of a witness is admissible if the witness is first impeached by prior inconsistent statements. *Moore v. Commonwealth*, 222 Va. 72, 79, 278 S.E.2d 822, 826 (1981). He argues, however, that the witness was not impeached in this case by a prior inconsistent statement because the prior inconsistent statement was introduced by the Commonwealth, not the defense. This argument ignores the thrust of defense counsel's cross-examination. The prior inconsistent statement was used during cross-examination of the witness. This cross-examination with the use of the prior inconsistent statement was an effort to impeach the credibility of the witness. In fact, the single issue at trial was the credibility of the accomplice. Therefore, even though the inconsistency was first introduced by the party calling the witness, the principle of admissibility of a prior consistent statement applies since the inconsistency was used by opposing counsel to attack the witness's credibility.

■ Finally, we hold that the defendant's assertion that the verdict should have been set aside because it was not supported by the evidence is without merit. The essence of the defendant's argument is that, as a matter of law, the jury could not have believed the testimony of the accomplice over the testimony of the defendant because the jury had been admonished to consider the accomplice's testimony with great caution. The evidence, however, was in conflict, and the jury was properly instructed. It was within the jury's province to resolve the evidentiary conflict. *Rogers v. Commonwealth*, 183 Va. 190, 201, 31 S.E.2d 576, 579 (1944). It was not for the trial court, nor is it now for this court, to superimpose its judgment over the jury's.

For these reasons, we conclude that the judgments of conviction should be affirmed.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.