Tuesday          10th

June, 1997.


Ponto Prince Arnold, s/k/a
 Ponto Prinze Arnold,
        Appellant,

 against      Record Nos. 1301-96-2 and 1302-96-2
              Circuit Court Nos. 95-300-1, 95-300-2 and 95-431-1,
              95-431-2 and 95-431-4

Commonwealth of Virginia,
        Appellee.

        From the Circuit Court of the City of Charlottesville


        It appears to the Court that a copy of this Court's May 20,
1997 opinion was not properly mailed by the clerk's office to the
court-appointed counsel for the appellant, as required by Rule 5A:29.
 Accordingly, in order not to prejudice appellant's right to seek
further review of that decision, the opinion rendered on May 20, 1997
is withdrawn and the mandate entered on that date is vacated.
Accordingly, the opinion and mandate shall be reissued bearing the
date of June 10, 1997.

                        A Copy,

                             Teste:

                                  Cynthia L. McCoy, Clerk

                             By:

                                  Deputy Clerk

Present:  Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


PONTO PRINCE ARNOLD, S/K/A
 PONTO PRINZE ARNOLD

                                    MEMORANDUM OPINION[*]
v.    Record No. 1301-96-2       BY JUDGE MARVIN F. COLE
                                      JUNE 10, 1997
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
               David F. Berry, Judge Designate

            J. Lloyd Snook, III (Snook & Haughey, P.C.,
            on brief), for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


        Ponto Prince Arnold (appellant) was convicted in a jury

trial of maliciously causing bodily injury and using a firearm in

committing or attempting to commit malicious bodily injury.

Appellant contends for the first time on appeal that his

conviction for use of a firearm in the commission of a malicious

bodily injury was error because there is no such crime.  Because

appellant made no objection at trial, he urges the Court to apply

the "ends of justice" exception to Rule 5A:18.  For the reasons

that follow, we affirm.

                           FACTS

        Around 1:00 a.m., appellant walked to the driver's side of

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Shaun Bates' parked car, and pointed a loaded gun at Bates, who was seated behind the steering wheel. Pointing the gun at Bates' head, appellant repeatedly ordered Bates to get out of the car. Bates put his car in gear, pushed the gun, and drove away. As Bates fled, the gun fired. Bates "saw flashes come past [his] eyes," and he felt "a burning sensation."

Dr. Steven McAlpine testified that Bates came to the hospital emergency room the day after the shooting "with a concern that [he] had some bullet fragments." He examined Bates and found none. He testified that Bates suffered "a burn on his cheek" that had produced "a scab" and "an abrasion on his wrist." Dr. McAlpine opined that Bates' injuries appeared to be flash burns caused by the discharge of the gun. The scab indicated "that the skin had to be <u>broken</u> and fluid leaking out." (Emphasis added.)

Before the presentation of evidence and based upon representations of counsel, the trial judge stated, "We don't have a breaking of the skin and the tracking of a bullet." During arraignment, the indictment was amended from using a firearm "while committing or attempting to commit malicious wounding" to using a firearm "while committing or attempting to commit malicious bodily injury." At the conclusion of the evidence, the trial judge instructed the jury, without objection, that it must find that "the use was while committing or attempting to commit malicious bodily injury."

3

APPLICABLE LAW

"To avail himself of the [ends of justice exception] the defendant has to affirmatively show [that] 'a miscarriage of justice [has] occurred, not . . . that a miscarriage might have occurred' [and it] requires that the error be clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989) (quoting Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Code § 18.2-51.

> It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . malicious wounding as defined in [Code] § 18.2-51 . . . .

Code § 18.2-53.1.

"The purpose of Code § 18.2-53.1 is to deter violent criminal conduct." Creasy v. Commonwealth, 9 Va. App. 470, 473, 389 S.E.2d 316, 318 (1990) (citing In re Commonwealth, 229 Va. 159, 162, 326 S.E.2d 695, 697 (1985)). "[T]he General Assembly, in adopting [Code § 18.2-53.1] intended to discourage the use of a firearm at any time during the course of the specified criminal endeavors." Id.

3

"We will not construe a penal statute in a manner that requires us to disregard the clear and obvious meaning of the statute. '[T]he plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or strained construction.'" Bunn v. Commonwealth, 21 Va. App. 593, 598, 466 S.E.2d 744, 746 (1996) (citations omitted).

> [It is true] that a statute "penal in nature . . . must be strictly construed and any ambiguity or reasonable doubt as to its meaning must be resolved in [defendant's] favor." However, "that rule of construction does not abrogate the well recognized canon that a statute . . . should be read and applied so as to accord with the purpose intended and attain the objects desired if that may be accomplished without doing harm to its language. Any construction that has the effect of impairing the purpose of the enactment or which frustrates, thwarts or defeats its objects should be avoided."

Gilliam v. Commonwealth, 21 Va. App. 519, 525, 465 S.E.2d 592, 595 (1996) (citations omitted).

An instruction, given without objection, becomes the law of the case. See Medical Ctr. Hosps. v. Sharpless, 229 Va. 496, 498, 331 S.E.2d 405, 406 (1985) (holding that questionable jury instruction defining hospital's duty became law of the case after party failed to object). See also Norfolk & Portsmouth R.R. v. Barker, 221 Va. 924, 928, 275 S.E.2d 613, 615 (1981) (holding that instruction imposing greater duty than required became law of the case after no objection made).

## DISCUSSION/ANALYSIS

Because the jury instructions became the law of the case, we

4

look to see whether the malicious bodily injury resulting from appellant's actions violated Code § 18.2-53.1. The evidence proved that appellant pointed a loaded firearm at Bates' head. Bates tried to flee, and the gun fired close to Bates' face. When the gun fired, Bates' skin broke and he suffered a facial injury.

Whether termed a "bodily injury" or a "wounding," clearly, appellant's actions, the means used by him to inflict the injury, and the resulting injury are subjects with which Code § 18.2-53.1 is intended to deal. In fact, notwithstanding the trial judge's initial conclusion that there was no breaking of the skin, the evidence proved that the victim's bodily injuries were wounds, both of which were caused by appellant's use and discharge of his firearm. Therefore, the bodily injury committed by appellant was a "malicious wounding as defined in [Code] § 18.2-51."

Because there was sufficient record evidence to support appellant's conviction under the law of the case, and because the offense was one of the required underlying offenses enumerated in Code § 18.2-53.1, appellant has failed to affirmatively show that a miscarriage of justice has occurred. Therefore, we need not apply the ends of justice exception to Rule 5A:18. Accordingly, appellant's conviction is affirmed.

Affirmed.
