COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


DONNY LEWIS FRANKLIN, JR.
                                          OPINION BY
v.        Record No. 3028-97-3    JUDGE JERE M. H. WILLIS, JR.
                                        DECEMBER 29, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Clifford R. Weckstein, Judge

            (Paul F. Fantl; Office of the Public
            Defender, on brief), for appellant.
            Appellant submitting on brief.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General;
            Ruth Ann Morken, Assistant Attorney General,
            on brief), for appellee.


     On appeal from his conviction in a bench trial for statutory

burglary with intent to commit assault, in violation of Code

§ 18.2-91, Donny Lewis Franklin, Jr., contends that the evidence

fails to prove his entry into the subject premises and, thus, is

insufficient to sustain his conviction.  We disagree and affirm

the judgment of the trial court.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.  See Higginbotham v. Commonwealth,

216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  The judgment of

the trial court sitting without a jury will not be set aside

unless plainly wrong or without evidence to support it.  Martin

v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

During the evening of June 30, 1997, Franklin went to the home of Lashane Turner, his former girlfriend and the mother of his two children.  Franklin pounded on the door and threatened to kill Turner when she refused to admit him.  She moved a couch in front of the door.  However, Franklin managed to break the lock and splinter the door, and inserted his arm and shoulder through the opening into Turner's apartment.  Turner's neighbor, Lisa Parker, called the police.  When a security guard arrived, Franklin fled.

> If any person [in the nighttime enters without breaking or in the daytime breaks and enters] with intent to commit assault and battery, he shall be guilty of statutory burglary . . . .

Code § 18.2-91.  Franklin contends that because the statute provides no definition of "entry," it should be read to require entry of the entire person.  He argues that because only his arm and shoulder entered Turner's apartment, the evidence fails to support his conviction.  We do not interpret the statute thus.

This case raises an issue of first impression.  No previous Virginia case addresses directly what constitutes a burglarious entry.  However,

> [t]he common law of England, insofar as it is not repugnant to the principles of the Bill of Rights and Constitution of this Commonwealth, shall continue in full force within the same, and be the rule of decision, except as altered by the General Assembly.

Code § 1-10.  Under common law, an entry occurs when any part of the body enters a dwelling.  See Roger D. Groot, Criminal

- 2 -

<u>Offenses and Defenses in Virginia</u> 62 (3d ed. 1994).  The legislature has not altered this definition of an entry. Therefore, Franklin's intrusion of his arm and shoulder into Turner's apartment constituted an entry under Code § 18.2-91. The judgment of the trial court is affirmed.

<u>Affirmed.</u>