Present:  Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Lacy and Koontz, S.JJ.[*]

CORDARO A. ROWLAND

v.     Record No. 101003

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE S. BERNARD GOODWYN
March 4, 2011

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the evidence was sufficient to support the conviction of Cordaro A. Rowland ("Rowland") for use of a firearm in the commission of a burglary when the elements of the burglary were completed before the use or display of a firearm.

Background

Rowland was convicted in a bench trial, in the Circuit Court of the City of Richmond, of two counts of robbery, two counts of use of a firearm in the commission of a robbery, statutory burglary, and one count of use of a firearm in the commission of a burglary.  Code §§ 18.2-53.1, -58, -91.  In total, Rowland was sentenced to serve a term of 73 years in prison, with 60 years suspended.  On the use of a firearm in the commission of a burglary conviction, the circuit court sentenced Rowland to five years' incarceration.

_____

[*] Justice Koontz presided and participated in the hearing and decision of this case prior to the effective date of his retirement on February 1, 2011; Justice Kinser was sworn in as Chief Justice on February 1, 2011.

In an unpublished opinion, the Court of Appeals denied Rowland's petition for appeal of the use of a firearm in the commission of a burglary conviction, finding the evidence sufficient to support the conviction. <u>Rowland v. Commonwealth</u>, Record No. 1381-09-2, slip op. at 2 (Feb. 17, 2010). Rowland appeals.

On October 4, 2008, between 9:00 and 10:00 p.m., Ban Sung Luong and Chi Shin Chan were the only employees working at a restaurant. The back door of the restaurant was the only door unlocked at the time. While Luong was in the kitchen area of the restaurant, near the back door, he sensed a person behind him and turned around to see a man, later identified as Rowland, pointing a gun at him. Neither Luong nor Chan observed Rowland enter the restaurant.

Although Rowland was using clothing to partially cover his face, Luong recognized Rowland as the customer he called "Big Guy." "Big Guy" was Luong and Chan's nickname for Rowland, who frequently came into the restaurant to ask for free drinks. While keeping the gun pointed at Luong, Rowland told Chan to put the money from the cash register into a bag. After Chan put the money in the bag, Rowland left with the bag through the back door of the restaurant.

Analysis

Rowland alleges that the evidence presented at trial was insufficient to find him guilty of use of a firearm in the commission of a burglary. Specifically, Rowland argues that he cannot be convicted of using a firearm in the commission of a burglary because the burglary had been completed by the time he used or displayed the firearm.

The Commonwealth responds that the evidence was sufficient to support Rowland's conviction of use of a firearm in the commission of a burglary because the offense of burglary was not complete in fact until Rowland had vacated the premises. Alternatively, the Commonwealth contends that circumstantial evidence supports finding that Rowland had the firearm in his hand when he entered the restaurant, and that is sufficient to prove Rowland used the firearm in the commission of the burglary.

When a defendant challenges the sufficiency of the evidence, we view the evidence and all reasonable inferences in the light most favorable to the Commonwealth, the prevailing party in the trial court. Jay v. Commonwealth, 275 Va. 510, 524, 659 S.E.2d 311, 319 (2008); Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1998). We will not, however, sustain a trial court's judgment that is plainly wrong or without evidence to support it. McMorris v. Commonwealth,

276 Va. 500, 504, 666 S.E.2d 348, 350 (2008); Jay, 275 Va. at 524, 659 S.E.2d at 319.

Code § 18.2-53.1 makes it "unlawful for any person to use or attempt to use any . . . firearm or display such weapon in a threatening manner while committing or attempting to commit . . . burglary . . . ." Rowland's argument hinges on the word "while" in Code § 18.2-53.1. Rowland asserts that "while" is synonymous with "during" and does not include acts subsequent to the commission of the relevant felony. Thus, Rowland asserts that he cannot be convicted of Code § 18.2-53.1 for use of a firearm in the commission of a burglary because he did not use or display a firearm until after he had committed the burglary. See Code §§ 18.2-90, -91. We agree.

To constitute burglary of a building permanently affixed to realty at nighttime, the defendant must enter, with or without breaking, with the intent to commit a felony within. Code §§ 18.2-90, -91; see also Fields v. Commonwealth, 215 Va. 120, 121, 207 S.E.2d 822, 823 (1974). Since 1937, this Court has stated that a burglary is complete when the defendant has completed all of the elements of the crime. See Falden v. Commonwealth, 167 Va. 542, 547, 189 S.E. 326, 328 (1937) (stating that "the crime [of burglary] is complete when a person armed with a deadly weapon enters a banking house, in the day time or in the night time, with intent to commit

4

larceny, etc."). An "entry" occurs when any part of the defendant's body enters the dwelling. Franklin v. Commonwealth, 28 Va. App. 719, 722, 508 S.E.2d 362, 364 (1998); John L. Costello, Virginia Criminal Law and Procedure § 9.1 (4th ed. 2008 & Supp. 2010). In the instant case, the burglary was complete upon Rowland's entry into the restaurant with the intent to commit robbery.

The Commonwealth, relying on Creasy v. Commonwealth, 9 Va. App. 470, 389 S.E.2d 316 (1990), argues that there is a distinction between when the crime of burglary is complete for purposes of prosecution and when the crime is completed in fact. In Creasy, the Court of Appeals stated:

> Code § 18.2-53.1 is not limited in application to the period of time from the commencement of the underlying crime until the point in time when the acts of the defendant make successful prosecution possible. We hold that the statute applies to the conduct of the accused until the underlying crime is completed in fact.
>
> The purpose of Code § 18.2-53.1 is to deter violent criminal conduct. Violent criminal conduct may occur at any time between the commencement of certain crimes and the perpetrator's safe retreat. Even though certain crimes may be established by proof of acts accomplished at the outset of a criminal venture, the danger and risk of violent criminal conduct persists until the crime is completed in fact. We hold that the General Assembly, in adopting this provision, intended to discourage the use of a firearm at any time during the course of the specified criminal endeavors.

Id. at 473, 389 S.E.2d at 318 (internal citations omitted).

5

Because it is well-established that "[w]hen the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated," Baker v. Commonwealth, 278 Va. 656, 660, 685 S.E.2d 661, 663 (2009), we disagree with the analysis in Creasy. As relevant to this case, Code § 18.2-53.1 requires that the defendant use, attempt to use, or display in a threatening manner a firearm while committing burglary. This Court has used "while" interchangeably with "during," indicating that the terms are synonymous. See, e.g., Jay, 275 Va. at 524, 659 S.E.2d at 319 (2008) (reversing conviction for attempted use of a firearm during the commission of attempted robbery under Code § 18.2-53.1); Walker v. Commonwealth, 272 Va. 511, 513, 636 S.E.2d 476, 477 (2006) (considering conviction of use of a firearm during the commission of an abduction). Thus, the qualifier "while" limits the applicability of Code § 18.2-53.1 to use of a firearm "during" a burglary. See Harward v. Commonwealth, 229 Va. 363, 366, 330 S.E.2d 89, 91 (1985) (noting that "during" does not encompass "before" and "after").

As stated above, once a perpetrator enters at nighttime, with or without breaking, with the requisite intent, the crime of burglary is complete. Although the perpetrator remains

6

criminally responsible for any illegal acts performed after the burglary, the crime of burglary does not continue until the perpetrator vacates the premises. To extend the application of Code § 18.2-53.1, as it relates to burglary, to all actions undertaken after a burglary until the perpetrator vacates the premises would be to expand the scope of the penal statute beyond that clearly stated by the General Assembly. We decline to do so.

In the alternative, the Commonwealth argues that the circumstantial evidence is sufficient to support the finding that Rowland used the firearm in the commission of the burglary because he had the firearm in his hand when he entered the restaurant. We disagree.

"The Commonwealth has the burden of proving beyond a reasonable doubt that the accused is guilty of the charged crime." McMorris, 276 Va. at 504, 666 S.E.2d at 350. " 'Suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a conviction.' " Rogers v. Commonwealth, 242 Va. 307, 317, 410 S.E.2d 621, 627 (1991) (quoting Cheng v. Commonwealth, 240 Va. 26, 42, 393 S.E.2d 599, 608 (1990)).

Code § 18.2-53.1 prohibits using, attempting to use, or displaying a firearm in a threatening manner while committing one of the enumerated felonies. A person "uses" a firearm if

he or she employs it.  See Black's Law Dictionary 1681 (9th ed. 2009); see also Webster's Third New International Dictionary 2523 (1993) (defining "use" as "the act or practice of employing something").  A person "displays" a firearm if he or she manifests it "to any of a victim's senses." Cromite v. Commonwealth, 3 Va. App. 64, 66, 348 S.E.2d 38, 39 (1986) (internal citations omitted); see also Moses v. Commonwealth, 45 Va. App. 357, 363, 611 S.E.2d 607, 610 (2005).

Viewed in the light most favorable to the Commonwealth, the evidence shows that the elements of statutory burglary were complete before Rowland used or displayed a firearm.  There is no evidence that Rowland used or displayed the firearm when gaining entry to the restaurant.  Neither witness observed Rowland's entry.  The first time either of the witnesses noticed Rowland was when Luong turned around to find Rowland pointing a gun at him.  By that time, Rowland had already entered the restaurant with the intent to commit robbery therein.  The burglary had been completed.  The evidence is insufficient to support a conviction of use or display of a firearm during the commission of the burglary.

### Conclusion

We hold that the Court of Appeals erred when it held that the evidence was sufficient to support Rowland's conviction for use or display of a firearm in the commission of a burglary.

Accordingly, we will reverse the judgment of the Court of Appeals, vacate Rowland's conviction of that offense, and dismiss the indictment against him.

<u>Reversed, vacated, and dismissed</u>.