COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Kelsey and Alston
Argued at Richmond, Virginia


ROBERT A. BLACKWELL
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1690-11-2                         JUDGE LARRY G. ELDER
                                                          JANUARY 17, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Burnett Miller, III, Judge

Russell N. Allen for appellant.

Jennifer C. Williamson, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Robert A. Blackwell appeals his convictions for burglary while armed with a deadly

weapon and use of a firearm in the commission of a breaking and entering.[1]  He contends the

evidence was insufficient to support his convictions under Code §§ 18.2-91 and 18.2-53.1 and

argues that even if he failed properly to preserve this objection in the trial court, Rule 5A:18's

ends of justice exception applies to permit us to consider and reverse.  Because appellant did not

preserve his argument for appeal or meet the ends of justice exception under Rule 5A:18, we

affirm.

Under Rule 5A:18:

> No ruling of the trial court . . . will be considered as a basis
> for reversal unless an objection was stated with reasonable

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant also was convicted of abducting two people, using a firearm in the
commission of both felonious abductions, wearing a mask to conceal his identity, and assault and
battery on a family or household member.  Those convictions are not at issue in this appeal.

certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

The rule allows the trial court as well as the opposing party "the opportunity to intelligently address, examine, and resolve issues in the trial court." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004). The rule's purpose is to allow the trial court the opportunity to take the matter "under advisement in order to consider it intelligently and, if necessary, to take corrective action to avoid unnecessary appeals, reversals, and mistrials." Howard v. Commonwealth, 21 Va. App. 473, 479, 465 S.E.2d 142, 145 (1995).

"Rule 5A:18 requires the accused to *specifically* raise a legal challenge to the sufficiency of the evidence in order to preserve that issue for appeal. Generally, this is easily achieved when the accused makes a motion to strike the evidence." Dickerson v. Commonwealth, 58 Va. App. 351, 357, 709 S.E.2d 717, 720 (2011); see also Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 743-44 (1987) (refusing to consider challenge to sufficiency of the evidence where defense failed to move to strike the Commonwealth's evidence).

Appellant acknowledges on brief that he "moved to strike at the end of the Commonwealth's case, but no specific reasons were given to support the assertion by counsel that the evidence was insufficient to support the conviction." Indeed, appellant's motion to strike was so general, it did not specify which of his eight charges were at issue. Due to appellant's failure to specifically raise his argument regarding the display of the firearm to the trial court, the trial court did not have the opportunity to consider the matter intelligently. See, e.g., Scott v. Commonwealth, 58 Va. App. 35, 44-45, 707 S.E.2d 17, 22 (2011) (holding that defendant's motion to strike the evidence as to one charge did "not also function as a motion to strike" as to another charge). Therefore, appellant waived his challenge to the sufficiency of the evidence showing that he used a firearm or was armed when he entered the apartment.

We thus turn to the ends of justice exception to Rule 5A:18. "Determining whether the ends of justice exception should be applied requires the appellate court first to determine whether there was error as [appellant] contends and then 'whether the failure to apply the ends of justice provision would result in a grave injustice.'" Howard v. Commonwealth, 281 Va. 455, 462, 706 S.E.2d 885, 888-89 (2011) (quoting Gheorghiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 413-14 (2010)).

Appellant claims the evidence did not support his convictions under Code § 18.2-53.1 and Code § 18.2-91, pertaining to his use and possession of a firearm while committing the burglary. "As relevant to this case, Code § 18.2-53.1 requires that the defendant use, attempt to use, or display in a threatening manner a firearm while committing burglary." Rowland v. Commonwealth, 281 Va. 396, 400-01, 707 S.E.2d 331, 333 (2011). Here, as in Rowland, "neither witness observed [appellant]'s entry." Id. at 402, 707 S.E.2d at 334. As the Commonwealth concedes, the evidence does not show that appellant used or displayed the firearm when gaining entry. Thus, the evidence does not "support a conviction of use or display of a firearm during the commission of the burglary." Id.

Appellant argues that this reasoning extends to his conviction under Code § 18.2-91. Code § 18.2-91 classifies burglary as a Class 2 felony "if the person was armed with a deadly weapon at the time of such entry." "Armed" means "equipped with a weapon." Black's Law Dictionary 123 (9th ed. 2009). It does not require the use or display of the firearm. See, e.g., Jones v. Commonwealth, 279 Va. 295, 298-99, 687 S.E.2d 738, 740 (2010) (describing the defendant as "armed with a firearm" where he wore a gun on his waist). The evidence that two witnesses saw appellant holding a firearm moments after his forced entry into the apartment supported the jury's conclusion that appellant was armed with the firearm when he entered. Thus, the trial court did not err in denying the motion to strike the evidence as to this charge.

- 3 -

Because appellant has demonstrated error as to his conviction for using a firearm while committing a burglary, we must determine whether affirming that conviction "'would result in a grave injustice.'" Howard, 281 Va. at 462, 706 S.E.2d at 889 (quoting Gheorghiu, 280 Va. at 689, 701 S.E.2d at 413-14). This second prong of the ends of justice exception requires

> "appellant . . . [to] demonstrate more than that the Commonwealth *failed* to prove an element of the offense. . . . In order to show that a miscarriage of justice has occurred, . . . the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur."

Brittle v. Commonwealth, 54 Va. App. 505, 514, 680 S.E.2d 335, 340 (2009) (quoting Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 273 (1997)). The two victims testified that they saw appellant moments after he entered the apartment. When they saw him, he was brandishing a gun. This evidence leaves open the possibility that appellant used or displayed the firearm when gaining entry. Because the record does not affirmatively prove that an element of the offense did not occur, the ends of justice exception does not apply.

For these reasons, we affirm appellant's convictions.

Affirmed.