COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Felton, Judges Elder and Petty
Argued at Richmond, Virginia

DIJON ALLEN SMITH

                                                                    OPINION BY
v.        Record No. 0197-12-2                             JUDGE LARRY G. ELDER
                                                                   APRIL 2, 2013

COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Margaret P. Spencer, Judge

              Joan J. Burroughs, Assistant Public Defender, for appellant.

              Donald E. Jeffrey, III, Senior Assistant Attorney General
              (Kenneth T. Cuccinelli, II, Attorney General, on brief), for
              appellee.


       Dijon Allen Smith (appellant) was convicted in a jury trial for burglary in violation of

Code § 18.2-90 and using a firearm in the commission of that offense in violation of Code

§ 18.2-53.1.  On appeal, he contends the burglary was complete before he used or displayed the

gun and, thus, that the evidence fails to support his conviction for using a firearm in the

commission of burglary.  We hold the evidence, viewed in the light most favorable to the

Commonwealth, was sufficient to support the challenged conviction.[1]  Thus, we affirm.

       In considering a challenge to the sufficiency of the evidence on appeal of a criminal

conviction, "we view the evidence and all reasonable inferences in the light most favorable to the

Commonwealth, the prevailing party in the trial court."  Rowland v. Commonwealth, 281 Va.

396, 399, 707 S.E.2d 331, 333 (2011).  We will reverse a conviction based on a sufficiency

---

       [1] Appellant also was convicted for robbery and using a firearm in the commission of
robbery.  Nothing related to those convictions or to the burglary conviction underlying the
challenged use-of-a-firearm conviction is at issue in this appeal.

challenge only if the trial court's judgment is plainly wrong or without evidence to support it. E.g., McMorris v. Commonwealth, 276 Va. 500, 504, 666 S.E.2d 348, 350 (2008).

To constitute burglary of a building permanently affixed to realty at nighttime, the evidence must prove the defendant entered, with or without breaking, with the intent to commit a felony therein. Code §§ 18.2-90, -91. Code § 18.2-53.1 makes it "unlawful . . . to use or attempt to use any . . . firearm or display such weapon in a threatening manner while committing or attempting to commit . . . burglary." "A person 'uses' a firearm if he or she employs it." Rowland, 281 Va. at 401, 707 S.E.2d at 334 (citing Black's Law Dictionary 1681 (9th ed. 2009)). "A person 'displays' a firearm if he or she manifests it 'to any of a victim's senses.'" Id. at 401-02, 707 S.E.2d at 334 (quoting Cromite v. Commonwealth, 3 Va. App. 64, 66, 348 S.E.2d 38, 39 (1986)).[2]

Relying on Rowland, 281 Va. 396, 707 S.E.2 331, appellant contends the trial court erred in finding the evidence sufficient to prove he used a firearm while committing burglary because the burglary was complete before he used or displayed the gun. We conclude Rowland supports rather than defeats the challenged conviction.

Rowland involved the nighttime entry of a restaurant, apparently after business hours but while two employees remained inside. Id. at 398, 707 S.E.2d at 332. The back door was the only door unlocked at the time, and one of the two employees was working near that door, in the kitchen area. Id. While in the kitchen area, that employee "sensed a person behind him and

---

[2] The statute clearly contemplates that this offense may be proved in two ways, based on *either* "us[ing] or attempt[ing] to use any . . . firearm" *or* "display[ing] such weapon in a threatening manner." Code § 18.2-53.1. Here, the jury instructions covered only the first of these ways, "using a firearm," and the jury returned a verdict of guilty of "using a firearm." Thus, we need not address what is required to prove a defendant "display[ed] [a] weapon in a threatening manner."

turned around to see [Rowland] . . . pointing a gun at him." Id. It was undisputed that neither

employee saw Rowland enter the restaurant. Id. The Supreme Court held as follows:

> [T]he evidence shows that the elements of statutory burglary were complete before Rowland used or displayed a firearm. There is no evidence that Rowland used or displayed the firearm when gaining entry to the restaurant. Neither witness observed Rowland's entry. The first time either of the witnesses noticed Rowland was when [the employee in the kitchen] turned around to find Rowland pointing a gun at him. By that time, Rowland had already entered the restaurant with the intent to commit robbery therein. The burglary had been completed. The evidence is insufficient to support a conviction of use or display of a firearm during the commission of the burglary.

Id. at 402, 707 S.E.2d at 334; see also Rushing v. Commonwealth, 284 Va. 270, 274, 279, 726

S.E.2d 333, 335, 339 (2012) (applying Rowland to reverse where the evidence showed the

burglars entered through a rear door on the lowest level of the house and did not encounter the

victim until they reached the flight of steps to the next level and saw him standing at the top).

Here, in contrast to Rowland, victim Kimberly Bundrick was alerted to the fact that

someone was outside her front door because she heard knocking. As she walked toward the

door, she saw appellant and his companions, all of whom were masked, push the door open and

enter without an invitation. As soon as appellant entered, Bundrick noticed he was holding a

firearm "down at his side." Given the absence of testimony from Bundrick that she observed

appellant remove the weapon from his waistband or pocket or otherwise "draw" it after entering,

her testimony that she noticed he was holding a firearm "down at his side" immediately after he

entered supports the inference that he was also holding the firearm in that fashion when he

entered seconds earlier.

When Bundrick saw the firearm, she began screaming. Appellant immediately grabbed

her, held the gun to her head, and told her to be quiet. It is true these events occurred after

appellant had stepped across the threshold of the residence. However, the way appellant used the

gun *after* entering supports the jury's finding, implicit in its verdict, that he used the gun *during* the entry for the same purpose, in order to be ready to subdue Bundrick as necessary. The fact that appellant did not find it necessary to actually point the gun at Bundrick or to display it in some other obvious fashion in order to gain entry does not prevent a finding that he "used" it in the commission of burglary within the meaning of Code § 18.2-53.1.

For these reasons, we hold the evidence was sufficient to support appellant's conviction for using a firearm in the commission of burglary in violation of Code § 18.2-53.1. Thus, we affirm the challenged conviction.

<u>Affirmed.</u>