ELIZABETH B. LACY, Justice.
Mark Anthony Powell seeks reversal of the judgment of the Court of Appeals affirming his convictions for violation of Code § 18.2-53.1, *120 arguing that the evidence was insufficient to establish that he possessed a firearm in the commission of a felony.[1]
I.
On July 19, 2001, Powell and a friend hired a taxicab to take them from Norfolk to Portsmouth. After a brief stop, Powell directed the taxicab to a clothing store. Powell entered the store and told the clerk that he was looking for a present for his wife. According to the clerk, while Powell was looking at the clothes, he kept "his left hand in his pocket the entire time." After selecting a pair of pants, he and the clerk proceeded to the cash register where the clerk's supervisor began conducting the transaction.
After confirming that no other people were currently in the store, Powell informed the employees that he had a pistol in his pocket. Moving back and forth in a nervous, fidgety manner with his hand in his pocket, Powell told them not to move "and won't nobody get hurt." Powell ordered the supervisor to open the cash register and give him all the money inside it, and she immediately complied. With his hand still in his pocket, Powell directed the employees into a stockroom in the back of the store and made them lie down on the floor. When he left the room, the employees watched him exit the building through a one-way mirror. The supervisor then opened the stockroom door, ran to the front of the store, and observed Powell enter a taxicab.
Several minutes after Powell left the store, a police officer, alerted to the robbery, initiated a traffic stop on Powell's taxicab. The officer waited for additional officers to arrive before approaching the vehicle. Then the police officers searched the taxicab and the surrounding area. They found $196 in the taxicab, but no gun was ever located.
Powell admitted during questioning that he had told the store employees he had a gun, but insisted to the questioning detective that he, in fact, had not had one. Powell was charged with one count of robbery, two counts of abduction, and three counts of the use of a firearm in the commission of these crimes.
At trial, the store employees and the taxicab driver testified that they never saw Powell with a gun or observed the outline of a gun in his clothing. Neither the taxicab driver nor the police officer pursuing the taxicab saw Powell roll down his window or throw anything out of the taxicab.
The trial court denied Powell's motion to strike the abduction and firearms charges and convicted Powell of all offenses. Powell appealed his firearm convictions to the Court of Appeals, arguing the evidence was insufficient to establish that he had actually possessed a firearm. The Court of Appeals affirmed his firearm convictions in an unpublished order, stating that Powell's declarations that he had a gun, "his assertive conduct," and the surrounding circumstances, including being fidgety and keeping his hand in his pocket, were an "implied assertion" that Powell possessed a firearm and therefore the evidence supported the convictions. Powell v. Commonwealth, No. 1490-02-1, 2003 WL 21788938 (August 5, 2003). We awarded Powell an appeal.
II.
To convict a person of using, attempting to use, or threatening to use a firearm in violation of Code § 18.2-53.1, the Commonwealth must prove that
the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies.
Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994).
On appellate review, we view the evidence and all reasonable inferences therefrom in the light most favorable to the Commonwealth, the prevailing party below, and *121 we will set aside the judgment only if it is clearly wrong or unsupported by the evidence. Beavers v. Commonwealth, 245 Va. 268, 281-82, 427 S.E.2d 411, 421 (1993). Furthermore, proof of the crime must be established beyond a reasonable doubt. Rhodes v. Commonwealth, 238 Va. 480, 487, 384 S.E.2d 95, 99 (1989); Young v. Commonwealth, 185 Va. 1032, 1042, 40 S.E.2d 805, 810 (1947).
Powell asserts that the evidence is insufficient to support the firearms convictions because the Commonwealth's only proof that he had a firearm in his possession was the statements he made during the commission of the robbery and abductions. Powell argues that it may be reasonable to infer "that one who says he has a gun, has a gun," if there is no other evidence, but in this case Powell maintains that the Commonwealth's evidence "proves" that Powell did not have a gun.[2] We disagree.
The evidence in this case is virtually undisputed. Powell told the victims that he had a gun and threatened to "hurt" them if they didn't follow his instructions. While in the store Powell was "fidgety" and kept his hand in his pocket. Neither the victims nor any other witness testified to seeing Powell with a gun or disposing of a gun, and no gun was recovered. The police apprehended Powell in a very short period of time after he left the scene of the crimes, and for most but not all of that time he was observed by both the police officer following the taxicab in which Powell was riding and the driver of the taxicab. Finally, there was evidence that a second passenger was in the taxicab with Powell, and although the record reflects that police officers searched the taxicab, nothing in the record indicates that the police ever searched Powell or his companion when apprehended or when transported to the police station.
It was the province of the trier of fact to consider all the evidence and resolve any conflicts. In this case, evidence that no gun was found conflicts with Powell's statements and actions during the commission of the offenses. The trier of fact resolved this conflict against Powell, and in doing so, necessarily concluded that Powell had a gun. In other words, resolution of the factual conflict in this manner established beyond a reasonable doubt that Powell had a gun. Based on this record we cannot say that the judgment of the trial court was plainly wrong or without evidence to support it.
For the reasons stated, we will affirm the judgment of the Court of Appeals.
Affirmed.

Code § 18.2-53.1 provides, in pertinent part,
It shall be unlawful for any person to use or attempt to use any pistol ... or other firearm or display such weapon in a threatening manner while committing or attempting to commit... robbery ... or abduction. Violation of this section shall constitute a separate and distinct felony....

Citing Jackson v. Commonwealth, 255 Va. 625, 499 S.E.2d 538 (1998), Powell argues that "a defendant's out of court statements alone are insufficient without some corroboration." However, Jackson and the cases it relies upon stand for the proposition that an extra-judicial confession is insufficient to establish the corpus delicti of a crime unless corroborated by other evidence. In this case, as Powell recognizes, there was no confession. Id. at 645-46, 499 S.E.2d at 551. Powell's extra-judicial statement that he had a gun was a statement he made in the course of committing the crime.