COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Haley and Petty
Argued at Chesapeake, Virginia


ANTONIO JOSE CORPREW

v.          Record No. 2874-07-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ELIZABETH A. McCLANAHAN
MARCH 24, 2009


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Norman A. Thomas, Judge[1]

Charles A. Johnson (Charles A. Johnson, P.C., on brief), for
appellant.

Gregory W. Franklin, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Antonio Jose Corprew appeals from his convictions for use of a firearm in an attempted

robbery, use of a firearm in a robbery, and robbery.  He argues the evidence was insufficient to

support his convictions.  We affirm the trial court.

I.  BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003) (citation omitted).

That principle requires us to "'discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

all fair inferences that may be drawn therefrom.'"  Kelly v. Commonwealth, 41 Va. App. 250,

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although the Honorable Norman A. Thomas entered the final sentencing order from
which this appeal was taken, the Honorable Alfred M. Tripp presided over all other proceedings.

254, 584 S.E.2d 444, 446 (2003) (*en banc*) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)).  See also Bolden v. Commonwealth, 275 Va. 144, 147-48, 654 S.E.2d 584, 586 (2008); Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006); Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005); Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1998).

After attending a court-ordered WISP program[2] at the juvenile and domestic relations district court, Christopher Richmond met his parents who were waiting outside the building for him and the three of them walked across the street toward their vehicle.  When they reached their vehicle, two persons from the WISP class, Corprew and codefendant Sebastian Manuel, walked up to Richmond and asked him for a cigarette.  Richmond reached into the back of the vehicle to hand one of them a cigarette when Corprew, Manuel, and another person from the class began hitting Richmond and "yanking" at his pockets where Richmond had his cell phone and money.  During the assault, Richmond's mother, Lenieve Williams, and stepfather, Norman Williams, got out of the car to assist Richmond.  After Richmond gave Mr. Williams his cell phone, Corprew and Manuel then started assaulting Mr. Williams and attempted to remove his wallet.  While Mr. Williams was being assaulted, Richmond threw his money and cigarettes into the back seat of the vehicle.  As Richmond and the Williamses were getting back into their vehicle, Corprew continued hitting Richmond who was sitting between his parents.  During the assault, Corprew and Manuel threatened Richmond and the Williamses saying, "don't move," "I've got a gun," and "I'll kill you."[3]  While Corprew was threatening Richmond and his parents, Corprew had his hand cocked back under his shirt in his pants as though he was holding a gun.  Mrs. Williams

---

[2] The acronym refers to the "Weekend Incentive and Sanction Program."

[3] Richmond's mother and stepfather both have hearing problems.  Richmond's mother can read lips and testified she saw the gun threats by lip-reading.  Richmond's stepfather is deaf and did not hear anything.

was then pulled out of the vehicle and thrown on the ground while Corprew and another assailant prevented Mr. Williams from closing the door on the other side of the vehicle. Corprew then reached into the back seat and said, "I got your cigarettes, b----." Corprew and the other assailants fled the scene with Richmond's money and cigarettes.

Corprew was convicted in a bench trial of attempted robbery of Williams, robbery of Richmond, and use of a firearm in each of those offenses.

## II. ANALYSIS

When considering a challenge to the sufficiency of the evidence on appeal, a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original; citation and internal quotation marks omitted). Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). See also McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182, 670 S.E.2d 727, 734 (2009). These principles recognize that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004). This deferential standard of review "applies not only to the historical facts themselves, but the inferences from those facts as well." Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003). Thus, a fact finder may "draw reasonable inferences from basic facts to ultimate facts," Haskins, 44 Va. App. at 10, 602 S.E.2d at 406 (citations omitted), unless doing so would push "into the realm of *non*

- 3 -

*sequitur*," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006) (citation omitted).

### A. Presence of a Firearm

Corprew argues there was insufficient evidence to support the conviction for use of a firearm in the attempted robbery of Williams and use of a firearm in the robbery of Richmond because there was insufficient evidence "that a gun was present."[4]

Corprew was found guilty of violating Code § 18.2-53.1 which provides in pertinent part that "[i]t shall be unlawful for any person to use or attempt to use any . . . firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery."

> To prove the offense of use of a firearm, pursuant to Code § 18.2-53.1, "the Commonwealth must prove that the accused actually had a firearm in his possession and that he used or attempted to use the firearm or displayed the firearm in a threatening manner while committing or attempting to commit robbery or one of the other specified felonies."

McBride v. Commonwealth, 24 Va. App. 603, 606, 484 S.E.2d 165, 167 (1997) (*en banc*) (quoting Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994)). While possession of a firearm is thus an "'essential element'" of the offense, "circumstantial evidence, such as an assailant's statement that he possesses a firearm, can be sufficient evidence to prove beyond a reasonable doubt that an accused indeed possessed a firearm." Id. at 606-07, 484 S.E.2d at 167 (quoting Yarborough, 247 Va. at 219, 441 S.E.2d at 344); see, e.g., Powell v. Commonwealth, 268 Va. 233, 602 S.E.2d 119 (2004) (where defendant told store employees he

---

[4] Although Corprew contends he would have been required to pass through a metal detector when he entered the juvenile and domestic relations district court building to attend the WISP class, this fact was never established. Richmond testified he did not recall whether he did or did not pass through a metal detector but only said he would "assume" he did. Neither Corprew nor codefendant Manuel testified. Nevertheless, the trial court found even if the assailants did go through a metal detector, there was sufficient opportunity to acquire a weapon before the assault took place. What inferences are to be drawn from the facts is within the province of the fact finder. Haskins, 44 Va. App. at 10, 602 S.E.2d at 406.

had a gun, threatened to hurt them, was fidgety and kept his hand in his pocket, Court upheld use of firearm conviction even though no one saw a gun and no gun was recovered).

Although Corprew argues no gun was ever seen during the assault, the evidence that no one saw a gun conflicted with Corprew's statements and actions during the assault. Concluding the Commonwealth proved Corprew possessed a firearm, the trial court explained, "When you have the defendant asserting that he's got a firearm and he's making motions toward his clothing, the circumstances there indicate that the defendant does indeed possess a firearm." The trial court, therefore, resolved this conflict against Corprew and concluded that Corprew indeed had a gun. "In other words, resolution of the factual conflict in this manner established beyond a reasonable doubt that [Corprew] had a gun." Powell, 268 Va. at 237, 602 S.E.2d at 121. The trial court's judgment was not "plainly wrong or without evidence to support it." Id.[5]

B. Use of Firearm in Attempted Robbery of Williams

Corprew also argues that regardless of whether there was sufficient evidence he possessed a firearm, the conviction for use of a firearm in the attempted robbery of Williams should be reversed because Williams did not see any gestures indicating the presence of a gun and could not hear any verbal threats regarding a gun.[6]

This Court has recently rejected the notion that a victim's lack of awareness of a firearm shields a defendant from conviction for his use of or attempt to use a firearm.

> Code § 18.2-53.1, by its plain language, prohibits certain conduct (use of or attempt to use a firearm in the commission of a felony) without regard to the awareness of the victim. And we refuse to

_____

[5] We find no merit in Corprew's suggestion that the holdings in Yarborough and Powell are inconsistent. In Yarborough, the Court held that the Commonwealth must prove the defendant possessed a firearm to support a conviction under Code § 18.2-53.1. In Powell, the Court upheld the trial court's judgment that such possession was proved by defendant's statements he had a gun and his threats to use it.

[6] Corprew stipulates the occurrence of the attempted robbery of Williams.

> restrict application of Code § 18.2-53.1 only to situations in which
> the victim is aware of or able to comprehend the use of a firearm.

Clanton v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (Mar. 17, 2009) (*en banc*).[7]

The evidence proved that during the incident, Corprew repeatedly made threats to use the firearm saying, "don't move," "I've got a gun," and "I'll kill you." While threatening Richmond and the Williamses, Corprew had his hand cocked back under his shirt in his pants as though he was holding a gun. Thus, in making threats to use the gun and keeping his hand cocked under his clothing as though he was holding his gun, the trial court could rationally find that Corprew used a firearm or attempted to use a firearm while attempting to commit the robbery of Williams. See Code § 18.2-53.1.

### C. Robbery

Corprew argues the evidence was insufficient to support his conviction for robbery of Richmond because there was no evidence that the money was taken from his person and it is unclear who actually took the money.

Robbery is "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." Jones v. Commonwealth, 172 Va. 615, 618, 1 S.E.2d 300, 301 (1939). The Commonwealth does not contend that the money was taken from Richmond's person but from the back seat of the vehicle in his presence, which is sufficient to support a robbery conviction and a point that Corprew

---

[7] Corprew relies on Yarborough wherein the Supreme Court held a victim's subjective belief the defendant was armed was insufficient to establish the presence of a gun. But the question here is whether the victim's unawareness of the presence of a gun established by the threats and gestures heard and seen by others would preclude the Commonwealth from establishing the use or attempted use of the gun. As this Court held in Clanton, it does not.

concedes.[8]  Richmond saw Corprew reach into the back of the vehicle and Corprew told

Richmond he took the cigarettes, which were located in the back seat of the vehicle with

Richmond's money.  It was certainly "'rational'" for the trial court to find Corprew took the

money and was thus guilty of the robbery.  <u>Maxwell</u>, 275 Va. at 442, 657 S.E.2d at 502 (quoting

<u>Jackson</u>, 443 U.S. at 319).

      For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>

---

[8]    The term "in the presence" is "not so much a matter of eyesight as it is one of proximity and control:  the property taken in the robbery must be close enough to the victim and sufficiently under his control that, had the latter not been subjected to violence or intimidation by the robber, he could have prevented the taking."

<u>Clay v. Commonwealth</u>, 30 Va. App. 254, 259, 516 S.E.2d 684, 686 (1999) (quoting Wayne R. LaFave & Austin W. Scott, Jr., <u>Criminal Law</u> § 8.11, at 780 (2d ed. 1986)).