COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Beales and Decker
Argued at Chesapeake, Virginia

JASON LAMONT TRUSTY, S/K/A
  JASON TRUSTY, SR.

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1408-13-1                        JUDGE D. ARTHUR KELSEY
                                                    JULY 1, 2014

COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            James C. Hawks, Judge

            Kurt A. Gilchrist for appellant.

            David M. Uberman, Assistant Attorney General (Mark R. Herring,
            Attorney General; Susan Mozley Harris, Assistant Attorney
            General, on brief), for appellee.


        The trial court convicted Jason Lamont Trusty of possession of cocaine with intent to

distribute, possession of a firearm while possessing cocaine with intent to distribute, and

possession of a firearm by a violent felon. On appeal, Trusty claims that the evidence was

insufficient to prove his guilt. We disagree and affirm.

                                            I.

        When presented with a sufficiency challenge on appeal, we review the evidence in the

"light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514,

578 S.E.2d 781, 786 (2003). This principle requires us to "discard the evidence of the accused in

conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to

the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth,

221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and internal quotation marks omitted).

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In addition, our appellate review "is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling." Perry v. Commonwealth, 280 Va. 572, 580, 701 S.E.2d 431, 436 (2010) (quoting Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008)). Instead, "an appellate court must consider all the evidence admitted at trial that is contained in the record." Id.; see also Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010).

So viewed, the record shows that police officers executed a warrant in October 2005 to search "1029 City Park Ave, Apt. D" at an apartment complex in Portsmouth. See R. at 23. They found that the master bedroom had been equipped with a deadbolt lock that had not been installed by the apartment management. Once in the master bedroom, the officers discovered a digital scale and 54 grams of what was later determined to be crack cocaine on top of the television. Nearby was a plastic bag containing 247 grams of powder cocaine. The street value of the drugs was approximately $30,000. They found in the bedroom closet a loaded .9 millimeter handgun. A small metal safe under the bed contained $3,500 in cash.

Police also found in the bedroom numerous personal effects and papers identifying Trusty. On top of a chest of drawers, the officers discovered a Virginia identification card with Trusty's name and picture. Inside the top drawer, they found Trusty's social security card and a box of ammunition for the .9 millimeter handgun that was discovered in the closet.

In addition, the officers discovered an application and apartment reservation form signed by Trusty on December 10, 2004, for "1029-D City Park Ave., for occupancy on 1-2-05." Commonwealth's Ex. 13; see also App. at 166-67. On the form, Trusty listed himself and his three daughters as the "Proposed Occupants" of the apartment. Commonwealth's Ex. 13. Trusty identified his then present address (at the time of the apartment application) as 123 Navajo Trail, Portsmouth. He specifically noted, however, that the lease on the 123 Navajo Trail address

expired in December 2004. The form also mentioned that Trusty paid a $200 security deposit "for reserving the apartment," in addition to a $35 application fee. Id.

Several other documents linked Trusty to the master bedroom, including Trusty's cell phone billing statement, his car insurance policy statement, a 2004 IRS Form W-2, a Department of Motor Vehicles insurance verification request, and a notice from the Portsmouth Circuit Court. These documents listed his address as 123 Navajo Trail. Also in the bedroom was a swimming pool pass, signed by Trusty, identifying his address as "1029-D City Park Ave.," App. at 168, and two pieces of mail, a father's day card and an invitation to a birthday party, which were addressed to Trusty at the "1029-D City Park Ave." address, Commonwealth's Ex. 13.[1] The search of the bedroom recovered men's shoes and clothing from the closet where the handgun was found.

On the apartment reservation form, Trusty claimed that he had not been convicted of a felony within the preceding five years. In fact, he was a convicted sex offender. In 2001, the Portsmouth Circuit Court found Trusty guilty of unlawful wounding, aggravated sexual battery, and abduction. The court suspended Trusty's sentence (based on time previously served) and placed him on probation. Trusty never informed his probation officer that he had rented an apartment at 1029-D City Park Avenue intending to use it as his personal residence.

After the discovery of the cocaine and the firearm, a warrant was issued for Trusty's arrest. Trusty failed to attend a scheduled meeting with his probation officer in October 2005, but did attend a meeting with him in December 2005. After that meeting, the probation officer lost all contact with Trusty, and around the same time, Trusty failed to update his sex offender registration. In April 2006, another arrest warrant was issued for Trusty for his failure to

---

[1] The police also found a "VIP MEMBER" card for a check cashing company, signed by Trusty, and four casino cards with Trusty's name printed on them. Commonwealth's Ex. 13.

re-register, but by that time, he had absconded. Trusty was not apprehended until July 2012, more than six years later.

At Trusty's trial in May 2013, the apartment maintenance worker testified that Trusty had resided at 1029-D City Park Avenue. The worker saw Trusty "come and go" throughout 2005, "[m]ostly [in] the parking lot . . . sometimes in the morning." Id. at 29, 38. The worker recalled making two service visits to the apartment in 2005. During the second visit, Trusty met the worker at the door of the apartment and invited him in. That visit took place approximately two weeks prior to the October 3, 2005 search of the apartment.[2]

## II.

On appeal, Trusty challenges his convictions on only one ground. He claims that the evidence failed to sufficiently prove that he resided at 1029-D City Park Avenue in October 2005, and thus, the illegal drugs, cash, firearm, and ammunition cannot be fairly attributed to him.[3] Sitting as factfinder, the trial court disagreed. We see no reason to disturb that finding.

In a bench trial, a trial judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise." Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004) (quoting Anderson v. Bessemer City, 470 U.S. 564, 574 (1985)). We thus examine a trial court's factfinding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). "If reasonable

---

[2] Trusty's mother testified that she recalled her son living at 123 Navajo Trail in October 2005. Trusty's sister gave similar testimony, but conceded on cross-examination that she mailed the father's day card found in the master bedroom to Trusty at the 1029-D City Park Avenue address.

[3] Trusty limited his assignment of error to claiming only that "[t]he trial court erred in finding the evidence sufficient *because* the evidence only established the defendant had been in the apartment two weeks prior to the discovery of drugs and a firearm." Appellant's Br. at 2 (emphasis added). Trusty does not contest, nor would we find it meritorious if he did, that the drugs and firearm would have been in his constructive possession if the evidence proved that he resided in the master bedroom of 1029-D City Park Avenue.

jurists could disagree about the probative force of the facts," Holloway v. Commonwealth, 57 Va. App. 658, 664, 705 S.E.2d 510, 513 (2011) (*en banc*) (internal quotation marks omitted), the "reviewing court is not permitted to substitute its own judgment" for that of "the finder of fact at the trial," Courtney v. Commonwealth, 281 Va. 363, 366, 706 S.E.2d 344, 346 (2011) (internal quotation marks omitted).

Put another way, "[a]n appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added).

This deferential appellate standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (internal quotation marks omitted). This approach enables the factfinder to "draw reasonable inferences from basic facts to ultimate facts," Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (quoting Haskins, 44 Va. App. at 10, 602 S.E.2d at 406), "unless doing so would push 'into the realm of *non sequitur*,'" id. (quoting Thomas, 48 Va. App. at 608, 633 S.E.2d at 231).

Applying this standard of review, we conclude that the trial court acted securely within its factfinding discretion when it found beyond a reasonable doubt that Trusty resided in the apartment at 1029-D City Park Avenue. The supporting facts include:

- The apartment maintenance man testified that Trusty resided in the apartment and specifically remembered seeing him there two weeks before the police searched it.

- Upon signing the apartment application and reservation form, Trusty paid a $200 security deposit and a $35 application fee.

- Trusty represented to the lessor that he would reside in the apartment with his daughters. No males other than Trusty were identified as occupants.

- Men's clothing and shoes (as well as the drugs and firearm) were found in the master bedroom secured by a deadbolt.

- Trusty's signed swimming pool pass listed 1029-D City Park Avenue as his personal address.

- Trusty's sister sent him a father's day card addressed to him at 1029-D City Park Avenue.

- In the master bedroom were various other personal papers belonging to Trusty (including his official Virginia photo identification card, his social security card, several casino cards, a check cashing card, a cell phone billing statement, a car insurance policy statement, a Department of Motor Vehicles insurance verification request, and a notice from the Portsmouth Circuit Court).

- Trusty failed to return to the apartment after the search to retrieve any of his personal belongings.

- Trusty did not disclose to his probation officer that he had reserved an apartment at 1029-D City Park Avenue.

- Trusty remained a fugitive for more than six years after the police searched the apartment's master bedroom and found in it his personal possessions along with the firearm and drugs.

Viewed in their totality, these circumstances provide ample evidence from which a rational factfinder could conclude that Trusty resided in the master bedroom of 1029-D City Park Avenue at the time the police discovered the drugs and firearm. That conclusion is rendered incontrovertible, at least for appellate purposes, by the fact that no evidence suggested any male *other* than Trusty resided in the apartment and that the lease for the only other place Trusty claimed to have occupied (123 Navajo Trail) expired *prior* to his intended occupancy of 1029-D City Park Avenue.

### III.

In short, the evidence was sufficient to prove Trusty resided in the bedroom in which the drugs and firearm were found.  Trusty's argument to the contrary has no merit.  We thus affirm his convictions.

<u>Affirmed.</u>