UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Alston, Chafin and Decker
Argued by teleconference


RANDELL LOUIS KINLAW

MEMORANDUM OPINION* BY
v.        Record No. 0761-16-1          JUDGE MARLA GRAFF DECKER
JUNE 20, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF YORK COUNTY
Richard H. Rizk, Judge

C. Carter Allen (Carter Allen Law, P.C., on brief), for appellant.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Randell Louis Kinlaw appeals his conviction for use of a firearm in the commission of a

felony in violation of Code § 18.2-53.1.  On appeal, he argues that the evidence was insufficient to

prove that he used a firearm within the meaning of the statute.  We hold that the circumstantial

evidence, including a note that the appellant gave to his robbery victim stating that he had a gun and

that he did not want to hurt her, was sufficient to prove that he used a firearm in the commission of a

felony.  Consequently, we affirm his conviction.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. BACKGROUND[1]

On November 17, 2014, Stephanie Lasley was working at a tanning salon in York County. Around lunchtime, when no customers or other employees were present, the appellant entered the salon. He was wearing dark jeans, a black knitted sweater, and a black "beanie."

The appellant told Lasley that he wanted a present for his girlfriend and discussed purchasing a gift card for a tanning session. As Lasley prepared the gift card, the appellant "threw down a note" that "said something along the lines of . . . I have a gun. I don't want to hurt you. Give me the money . . . ." He instructed Lasley to "keep [her] hands up where he could see them." He also told her to "open the [cash] drawer," "grab the money," and give it to him. "[O]ut of fear," Lasley gave the appellant the money from the drawer.

The appellant then directed Lasley into one of the tanning rooms and asked her for her identification. He rifled through her purse and took her debit card. He also found her driver's license and photographed it with his phone. Based on remarks he made to Lasley, she understood that "if [she] said anything to the cops, . . . he could find [her]." The appellant also told her that "he didn't want to see anything on the news about this incident." He instructed Lasley to tell the police that "the guy . . . on the video [wasn't] him." Finally, the appellant directed Lasley to wait in the tanning room for twenty minutes, and he then left the salon. As soon as he did so, she telephoned her manager, who called 911. Lasley was "[v]ery scared" during the robbery, which lasted ten to fifteen minutes.

Several days later, Lasley identified the appellant in a photographic lineup as the man who robbed her. She did not hesitate in her identification of his photo, immediately stating,

---

[1] In reviewing a challenge to the sufficiency of the evidence on appeal of a criminal conviction, "we view the evidence and all reasonable inferences in the light most favorable to the Commonwealth, the party prevailing in the trial court." Smith v. Commonwealth, 61 Va. App. 690, 692, 739 S.E.2d 280, 281 (2013) (quoting Rowland v. Commonwealth, 281 Va. 396, 399, 707 S.E.2d 331, 333 (2011)).

"Yes.  That's him."  In the process of making the identification, she appeared to be afraid, exhibiting "[s]ome cowering" when the investigating officer "placed the photograph [of the appellant] down" in front of her.

The appellant was tried for robbery and use of a firearm in the commission of a felony.  At the close of the evidence, he argued that the victim's mere belief or perception that he had a gun during the robbery was insufficient to prove beyond a reasonable doubt that he actually possessed a firearm.

The trial court found the appellant guilty of robbery and use of a firearm in the commission of a felony.  In doing so, the court noted the uncontradicted evidence that the appellant communicated to the victim, "I have a gun.  I don't want to hurt you and give me all of your money."  The judge also noted that the appellant obtained the victim's identifying information, told her to lie to the police, and specifically pointed out to her, "I know where you live."

After trial, the appellant filed a motion to reconsider the firearm conviction.  In arguing the motion, he contended that his written note was insufficient to prove beyond a reasonable doubt that he had a gun, given the absence of any additional evidence or "other factor" supporting that assertion.  He also noted that the victim did not specifically testify that she believed that her assailant had a firearm.

The trial court denied the motion to reconsider.  In doing so, the court again pointed to the victim's uncontradicted testimony that the appellant's note to her represented that he had a gun.  The judge also found that the outfit the appellant wore during the offense, including a "knitted sweater" and jeans, "could easily conceal a weapon."  In addition, the court concluded that because the appellant was not immediately apprehended, he had ample opportunity "to dispose of the gun that he possessed."

The court sentenced the appellant to fifty years in prison, with thirty-five years suspended, for the robbery conviction. For the use of a firearm, it sentenced him to three years, with none of the time suspended.

## II. ANALYSIS

The appellant contends that the evidence was insufficient to support his conviction for the use of a firearm in the commission of a robbery.[2] He suggests that he "merely passed a note to the victim" and that no evidence indicated that he "possessed[] or hid about his person any object that [the victim] could [have] perceived . . . to be a firearm." He further argues that the subjective belief of the victim about the presence of a firearm is not enough to support a conviction and, in any event, that "the victim did not testify that she believed that [he] actually possessed a firearm."

In considering a challenge to the sufficiency of the evidence, the appellate court views the evidence and all reasonable inferences flowing from the evidence in the light most favorable to the Commonwealth, the party who prevailed in the trial court. Startin v. Commonwealth, 281 Va. 374, 379, 706 S.E.2d 873, 876 (2011). "If there is evidence to support the conviction[], the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Courtney v. Commonwealth, 281 Va. 363, 366, 706 S.E.2d 344, 346 (2011) (quoting Clark v. Commonwealth, 279 Va. 636, 641, 691 S.E.2d 786, 788 (2010)). The pivotal question on appellate review of a sufficiency issue is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Ultimately, the appellate court will "set aside the judgment

---

[2] The appellant does not challenge the underlying robbery conviction on appeal.

- 4 -

only if it is [plainly] wrong or unsupported by the evidence." Powell v. Commonwealth, 268 Va. 233, 236, 602 S.E.2d 119, 121 (2004).[3]

Code § 18.2-53.1 provides in pertinent part that "[i]t shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit [any of several enumerated crimes including] robbery." The purpose of the statute is "to deter violent criminal conduct." Rose v. Commonwealth, 53 Va. App. 505, 512, 673 S.E.2d 489, 492 (2009). "Notably, '[the statute] is written in the disjunctive, prohibiting either the actual use [or attempted use] of a firearm[] *or* the display of a firearm in a threatening manner.'" Towler v. Commonwealth, 59 Va. App. 284, 294, 718 S.E.2d 463, 468 (2011) (quoting Dezfuli v. Commonwealth, 58 Va. App. 1, 9, 707 S.E.2d 1, 5 (2011)). The statute "aim[s]" not only to "prevent[] actual physical injury" but "also to discourage criminal conduct that produces fear of physical harm." Dezfuli, 58 Va. App. at 9, 707 S.E.2d at 5 (quoting Rose, 53 Va. App. at 512, 673 S.E.2d at 492); see Holloman v. Commonwealth, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980).

To convict a person of using or attempting to use a firearm in violation of Code § 18.2-53.1, "the Commonwealth must prove that 'the accused actually had a firearm in his possession.'" Powell, 268 Va. at 236, 602 S.E.2d at 120 (quoting Yarborough v. Commonwealth, 247 Va. 215, 218, 441 S.E.2d 342, 344 (1994)), construed in Courtney, 281 Va. at 367-68, 706 S.E.2d at 346-47; cf. Startin, 281 Va. at 379, 706 S.E.2d at 877 (noting that the statute prohibits the use or display of an actual firearm or "an instrumentality that has the appearance of having the capability of an actual firearm"). Consequently, possession of a firearm is "an 'essential element' of the offense," and "the fact that [the] victim merely thinks or

---

[3] To the extent that the resolution of the sufficiency of the evidence challenge involves statutory construction, we apply a *de novo* standard of review to that portion of the analysis. Courtney, 281 Va. at 366, 706 S.E.2d at 345.

perceives that the accused was armed is insufficient to prove actual possession." Byers v. Commonwealth, 23 Va. App. 146, 150, 474 S.E.2d 852, 854 (1996) (quoting Yarborough v. Commonwealth, 247 Va. 215, 219, 441 S.E.2d 342, 344 (1994)).

Nevertheless, "proof of 'actual' possession of a firearm under Code § 18.2-53.1," like any element of a crime, "may be established by circumstantial evidence, direct evidence, or both." Id. (citing Yarborough, 247 Va. at 216-19, 441 S.E.2d at 343-44). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Id. at 151, 474 S.E.2d at 855 (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)). However, whether a hypothesis of innocence is reasonable is a question of fact entitled to deference on appeal. See id. at 152-53, 474 S.E.2d at 855. The Commonwealth at trial "is not required to disprove every remote possibility of innocence[] but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt." Id. at 151, 474 S.E.2d at 855 (quoting Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988)).

In keeping with general principles of law regarding circumstantial evidence, one may "use" a firearm within the meaning of the statute even if no weapon is ever actually seen by the victim. See, e.g., Cromite v. Commonwealth, 3 Va. App. 64, 65, 67-68, 348 S.E.2d 38, 39-40 (1986) (stating that "[w]hile the evidence would have been more conclusive had [the victim] seen a firearm, we cannot disregard the totality of [the evidence]," which included the robber's act of "approach[ing] with his hand in his coat pocket and st[icking] a hard object in [the victim's] stomach" that the victim said "felt like a gun"), quoted with approval in Towler, 59 Va. App. at 296, 718 S.E.2d at 469. Courts look to "the totality of the circumstances, including the perpetrator's verbal threats, the manner in which the perpetrator indicated he had a weapon, and the victim's response to those threats." Towler, 59 Va. App. at 295, 718 S.E.2d at 469;

Thomas v. Commonwealth, 25 Va. App. 681, 686, 492 S.E.2d 460, 463 (1997) (considering the victim's "visual and nonvisual observations of the object"); see Powell, 268 Va. at 236-37 & n.2, 602 S.E.2d at 121 & n.2 (holding that a defendant's "statement that he had a gun . . . made in the course of committing the crime" was relevant to proving that he used or attempted to use a firearm in violation of Code § 18.2-53.1); McBride v. Commonwealth, 24 Va. App. 603, 607-08, 484 S.E.2d 165, 167-68 (1997) (*en banc*) (stating in *dicta* that "circumstantial evidence, such as an assailant's statement that he possesses a firearm, can be sufficient to prove beyond a reasonable doubt that an accused indeed possessed a firearm").

Here, as the trial court specifically found, the uncontradicted evidence was that the appellant gave the victim a note that "said something along the lines of . . . I have a gun. I don't want to hurt you. Give me the money . . . ." The appellant also told her as he committed the robbery to keep her hands where he could see them. The note and his additional instruction communicated that the appellant intended to hurt the salon employee if she did not cooperate. Further, the trial court noted that the appellant took a photo of the victim's driver's license and pointed out that "if [she] said anything to the [police], . . . he could find [her]," again implying that he had the capacity to hurt her in retaliation if she failed to follow his instructions.

Additionally, in drawing reasonable inferences from the evidence, the trial court specifically found that the appellant could easily have concealed a firearm under the sweater and jeans he was wearing at the time of the robbery. It also recognized that because the appellant was apprehended several days after the crime, he had ample time to dispose of the gun that he said he used during the robbery. Finally, the victim testified that she was "[v]ery scared" during the robbery. In fact, when she merely saw the appellant's photo in a photographic lineup several days afterward, she exhibited signs of fear, immediately "cowering" when the investigating officer placed the photo of the appellant down in front of her.

- 7 -

Contrary to the appellant's suggestion, the Commonwealth was not required to present explicit testimony from the victim that she believed that he actually possessed a firearm during the robbery. The question was, instead, whether the totality of the circumstances supported a finding that he possessed and used a firearm to commit the crime. See Towler, 59 Va. App. at 295, 718 S.E.2d at 469. Applying the appropriate standard of review, on these facts, we conclude that the evidence was sufficient to prove that the appellant had a firearm in his possession during the robbery and used it to commit that offense. Upholding the appellant's conviction on these facts furthers the statute's purpose "to discourage criminal conduct that produces fear of physical harm." See Dezfuli, 58 Va. App. at 9, 707 S.E.2d at 5 (quoting Rose, 53 Va. App. at 512, 673 S.E.2d at 492).

The appellant's reliance on certain cases in support of his argument does not compel a different result. In fact, the published case law supports the conclusion that the facts of this case are sufficient to prove that the appellant used a firearm in the commission of robbery.

In Elmore v. Commonwealth, 22 Va. App. 424, 470 S.E.2d 588 (1996), the defendant handed a bank teller a note stating that "this is a robbery" and that he had a gun but "did not want to hurt anyone." Id. at 426, 470 S.E.2d at 588-89. The defendant also whispered to the teller that he did not want to hurt anyone and "pointed to his pocket," which "indicated to [the teller] there was a gun, like he had stated in his note." Id. at 426, 470 S.E.2d at 589 (emphasis omitted). After the teller filled a bag with money, the defendant "grabbed the bag and the note and fled." Id. The Court held that this evidence, which included testimony about the note but not the note itself, was "sufficient to prove beyond a reasonable doubt that the defendant actually possessed a firearm and used it in a threatening manner." Id. at 429-30 & n.2, 470 S.E.2d at 590 & n.2. Under Elmore, it is clear that a fact finder may accept circumstantial evidence involving

primarily the assertion of a defendant that he had a gun in order to find that he did, in fact, use a gun in the commission of a felony enumerated in Code § 18.2-53.1.

Similarly, in Powell v. Commonwealth, 268 Va. 233, 602 S.E.2d 119 (2004), the defendant told the victims that he had a gun and would hurt them if they did not follow his instructions. Id. at 237, 602 S.E.2d at 121. The evidence also, however, established that the defendant did not in fact have a firearm in his possession when he was apprehended. Id.

In considering the defendant's arguments in Powell, the Supreme Court of Virginia addressed his claim that his out-of-court statement that he had a gun was insufficient without corroboration to prove his guilt. Id. at 236 n.2, 602 S.E.2d at 121 n.2. It noted that the defendant attempted to rely on the legal principle that "an extra-judicial *confession* is insufficient to establish the *corpus delicti* of a crime unless corroborated by other evidence." Id. (citing Jackson v. Commonwealth, 255 Va. 625, 645-46, 499 S.E.2d 538, 551 (1998)). The Court distinguished such a confession from a perpetrator's *statement* that he had a gun "made in the course of committing the crime." Id. In doing so, the Court strongly implied that corroboration of such a statement made during the commission of a crime is unnecessary.

The Court in Powell also rejected the defendant's claim that "it may be reasonable to infer 'that one who says he has a gun, has a gun,' if there is no other evidence," but that where the defendant is apprehended a short time later without a gun and has not been seen discarding it, the "evidence 'proves' that [the defendant] did not have a gun." Id. at 236, 602 S.E.2d at 121. The Court reasoned that in light of the evidence, the defendant could, on the facts of the case, have discarded a firearm without being seen. See id. at 237, 602 S.E.2d at 121. Based on that inference, the Court observed that "evidence that no gun was found conflict[ed] with [the defendant's] statements and actions during the commission of the offenses." Id. It held that the trier of fact was entitled to resolve this conflict against the defendant, "necessarily conclud[ing]

. . . beyond a reasonable doubt that [the defendant] had a gun." Id., cited with approval in Courtney, 281 Va. at 365, 367-68, 706 S.E.2d at 345-47 (affirming the defendant's conviction where he told the victim during the robbery that he had a gun but he had only a toy firearm in his possession when he was apprehended, because the fact finder clearly resolved against the defendant the issue of whether he used a real gun in the robbery).

Here, like in Powell, the appellant's explicit assertion that he had a gun, his threatening conduct and other statements during the robbery, the circumstances surrounding his capture, and the reasonable inferences flowing from these facts support the trial court's factual finding that the appellant used a firearm in the commission of the robbery. The fact that the defendant in Powell was also "'fidgety'" while in the store and "kept his hand in his pocket," circumstances not present in the appellant's case, does not dictate a different resolution in the instant case. See 268 Va. at 237, 602 S.E.2d at 121. Each case is analyzed based on its unique facts. In this case, the appellant's statements and actions, including his initial representation that he had a gun, his photographing of the victim's driver's license, and his instructions to her during the robbery, conveyed that the appellant intended to hurt the victim if she failed to comply with his orders. The victim was "[v]ery scared" during the robbery and continued to exhibit signs of fear when she identified him several days later. Finally, the clothing that the appellant wore at the time of the robbery permitted the concealment of a firearm, and he had ample time to dispose of the gun before he was apprehended. Based on the record before it, the trial court was entitled, as it did, to reject the appellant's hypothesis of innocence—that he merely said he had a gun and did not actually possess one. See Courtney, 281 Va. at 367-68, 706 S.E.2d at 346-47; Powell, 268 Va. at 237, 602 S.E.2d at 121. The evidence, viewed under the proper standard, was sufficient to support a finding that the appellant had a firearm in his possession during the robbery and used it to commit that offense.

## III.  CONCLUSION

For these reasons, we hold that the evidence was sufficient to prove that the appellant used a firearm in the commission of robbery.  Consequently, we affirm his conviction for violating Code § 18.2-53.1.

<u>Affirmed.</u>