COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia

UNPUBLISHED

DONTE DEVAN MITCHELL

                                          MEMORANDUM OPINION[*] BY

v.       Record No. 1891-11-1       JUDGE STEPHEN R. McCULLOUGH
                                           OCTOBER 16, 2012

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
V. Thomas Forehand, Jr., Judge

Eric T. Cronin, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.

Appellant was convicted of robbery and use of a firearm during the commission of a

robbery. He argues that the evidence was insufficient to sustain his conviction under Code

§ 18.2-53.1 for using a firearm during the commission of the robbery. We agree and reverse.

BACKGROUND

Appellant walked into a Quizno's restaurant and asked for a job application. When told

the store was out of application forms, he walked out. A short time later appellant walked back

into the store and headed directly to the restroom. He soon emerged from the restroom with

"something" under his shirt. He told an employee to "open the drawer" of the register.

Appellant grabbed the cash from the register and walked out. He was apprehended about seven

to ten minutes after the robbery. No gun was recovered.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The store employee never saw the item under appellant's shirt. She testified that she observed a bulge. The reason she thought "[i]t looked like it was a gun" was because of "[t]he way he held it," and "[b]ecause it was pointed right at me and it scared me, and why would you hold your hand underneath the shirt if you're not holding a weapon?" She was able to determine that appellant likely was not holding a knife, because the angle was not right for a knife. The employee candidly admitted that she "assumed there was a weapon" but that she "did not know what kind of weapon it was at that point." She said, "[i]t looked like it was a gun. It looked like it could have been a gun underneath his shirt, and there was a child in the store so I was going to assume the worst." She further acknowledged that she was not sure the bulge was a gun, that "[i]t could have been a taser, anything." "Whatever it was," she testified, "a hand, a pencil, it was aimed toward me."

ANALYSIS

> When considering the sufficiency of the evidence to sustain a conviction, "this Court reviews 'the evidence in the light most favorable to the prevailing party at trial and consider[s] all inferences fairly deducible from that evidence.' This Court will only reverse the judgment of the trial court if the judgment 'is plainly wrong or without evidence to support it.' 'If there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'"

Startin v. Commonwealth, 281 Va. 374, 379, 706 S.E.2d 873, 877 (2011) (citations omitted).

Under Code § 18.2-53.1, it is "unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit . . . robbery." To be convicted under this offense, the Commonwealth must establish the use or attempted use of either an actual firearm or "an instrumentality that has the appearance of a firearm," *i.e.* one "which [gives] the appearance of having a firing capability." Startin, 281 Va. at 382, 383, 706 S.E.2d at 878, 879. The prosecution can, of

course, prove its case by circumstantial evidence, including statements made by the accused. For example, in Powell v. Commonwealth, 268 Va. 233, 602 S.E.2d 119 (2004), the defendant told store employees that he had a pistol in his pocket and told the employees not to move and nobody would be hurt. Id. at 237, 602 S.E.2d at 121. The Supreme Court found this evidence sufficient to convict under Code § 18.2-53.1.

In this instance, the defendant did not display an actual firearm and none was later recovered. He did not make any statements, as in Powell, that the fact finder could credit as circumstantial evidence of the presence of a firearm. The prosecution's case rested on the observations of the store employee. On these facts, the testimony of the store employee fell short of establishing that appellant had a gun or an instrumentality that had the appearance of a firearm under his shirt. The store employee candidly admitted that she was not sure whether appellant held a gun, noting that it could have been a hand, a pencil, "a taser, anything." She surmised that the bulge might be a gun because "why would you hold your hand underneath the shirt if you're not holding a weapon?" She admitted that she naturally assumed the worst, noting that there was a child in the store at the time of the robbery. The evidence does not establish the use or attempted use of a firearm or of an instrumentality that had the appearance of a firearm. Accordingly, we hold that the conviction for use or display of a firearm in the commission of robbery was without evidence to support it.

CONCLUSION

We find the evidence insufficient and, accordingly, reverse appellant's conviction for use of a firearm in the commission of robbery.

Reversed and final judgment.